**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN DOE**, | * | |
| Plaintiff, | * | CIVIL ACTION NO. 2:16-cv-171 |
| | * | |
| v. | * | Judge Frost |
| | * | Magistrate Judge Kemp |
| **THE OHIO STATE UNIVERSITY**, et al., | * | |
| Defendants | * | |
| | * | |

**Plaintiff's Motion to Allow the Parties to Use Pseudonyms and to
File Documents Under Seal**

Plaintiff John Doe respectfully requests permission to use pseudonyms to represent himself, the female defendant in this case, and the student witness identified in the Complaint. In the alternative, John Doe requests this Court adopt the conclusions of other courts that allow pseudonyms until dispositive motions are ruled on. *See e.g., EEOC v. SPOA, LLC*, 2013 U.S. Dist. Lexis 148145, *12 (D. Md., Oct. 15, 2013)(allowing Title VII plaintiff to remain anonymous in court filings, but requiring plaintiff to use her legal name if jury trial occurs) *Doe v. De Amigos LLC*, 2012 U.S. Dist. Lexis 190501, *25-28 (D.D.C., Apr. 30, 2012)(same).

Pseudonyms are appropriate pursuant to the Sixth Circuit's *Doe v. Porter* decision which weighs parties' privacy interests against the presumption of open judicial proceedings in evaluating motions to proceed under pseudonyms. *See,* 370 F.3d 558, 560, (6th Cir. 2004). In balancing these interests, the Sixth Circuit identified the following relevant factors:

> "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Id.,* (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)).

1

These factors strongly counsel in favor of permitting John Doe and Jane Doe to use pseudonyms in this case.  First, prosecution of this lawsuit will compel the disclosure of information 'of the utmost intimacy' in the form of explicit details of John and Jane Doe's sexual activities.  Second, John Doe challenges the governmental activity of Defendant The Ohio State University ("OSU") regarding its administration of Title IX.  Likewise, while John and Jane Doe are not technically "children," both are young college students.  Further, while John Doe is not currently aware of any threats against himself or Jane Doe, the disclosure of their identities puts each at risk for such acts.  Finally, there is no risk of prejudice to the named parties OSU and OSU employees.  To the contrary, permitting Jane Doe and John Doe to use a pseudonym will further the University's interest in maintaining the confidentiality of its disciplinary proceedings, particularly in the context of investigations into charges of sexual misconduct.

In addition, factors recognized by other courts strongly favor the use of pseudonyms in this case.  These factors include: (1) "whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the [party's] identity"; (2) "whether the [party] is particularly vulnerable to the possible harms of disclosure, particularly in light of his [or her] age; (3) "whether the plaintiff's identity has thus far been kept confidential"; (4) "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity"; and (5) "whether . . . there is an atypically weak public interest in knowing the litigants' identities"; (6) "whether there are any alternative mechanisms for protecting the confidentiality of the [parties]."  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008) (citations and quotation marks omitted).  Each of these factors are present here.

First, revealing the students' identities would create the very harm this lawsuit is brought to avoid: the irreparable reputational injury of having an unfounded complaint of sexual misconduct brought against John Doe. Similarly, both Jane Doe and John Doe are vulnerable to the possible harms of disclosure: they would be instantly identifiable through Internet searches and would carry the sigma of having their sexual activities aired publicly, causing substantial, irreparable harm to their future educational opportunities, job searches, and family and personal relationships.

This type of harm is likely to occur given the current media frenzy regarding sexual assaults on college campus which is destroying the lives of falsely accused students. *See e.g., Exhibit 1,* (containing *Chronicle of Higher Education's* Sept. 1, 2014 article entitled *Presumed Guilty*)(discussing harm caused to male college students falsely accused of sexual assault); *Exhibit 2,* (containing *The Harvard Law Review's* Feb. 10, 2015 article entitled *Trading the Megaphone for the Gavel in Title IX Enforcement* )(same); *Exhibit 3,* (containing *New York Times'* Nov. 15, 2014 article entitled *Mishandling Rape*)(same); *Exhibit 4,* (containing *Slate's* Dec. 7, 2015 article entitled *The College Rape Overcorrection*)(same).

Moreover, there is no countervailing public interest in forcing John Doe and Jane Doe to be identified publicly. To the contrary, denying the use of pseudonyms would chill the public's interest in protecting the reputations of citizens exposing governmental employees who seek to unlawfully destroy the reputations of these citizens. Finally, there is no better alternative mechanism to keep the names of the students confidential. For, the alternative to pseudonyms - filing documents under seal - would limit, rather than promote, the overall transparency of these proceedings.

3

This may be why courts across the country permit students filing sexual misconduct lawsuits against universities to proceed anonymously.  *See e.g., John Doe v. Salisbury University,* 2015 U.S. Dist. Lexis 70982 (D.C. Md., June 2, 2015)(rejecting motion to dismiss a Title IX claim filed by a male student proceeding under a John Doe pseudonym); *John Doe v. Washington and Lee University,* 2015 U.S. Dist. Lexis 102426 (W.D. Va., Aug. 5, 2015)(same); *John Doe v. University of South Florida Bd. Of Trustees,* 2015 U.S. Dist. Lexis 69804 (M.D. Fla., May 29, 2015)(same); *Doe v. University of the South*, 687 F. Supp. 2d 744 (E.D. Tenn. 2009)(same); *Doe v. New York University*, 786 N.Y.S.2d 892, 904 (N.Y. Sup. Ct. 2004) (stating that in lieu of sealing court filings, court records could be amended by replacing plaintiffs' names with pseudonyms, so as to protect plaintiffs' privacy).

For the foregoing reasons, John Doe respectfully requests this Court execute the attached proposed order contained in Exhibit 5 which: (a) states the Parties shall use the following pseudonyms: (i) Plaintiff will be referred to as John Doe; (ii) the female Defendant shall be referred to as Jane Doe; and (iii) Miami students will be referred to by their first and last initial; and (b) requires the actual name of any person identified by pseudonym or initials be filed under seal with this Court.

In the alternative, John Doe requests this Court adopt the conclusions by other courts and allow pseudonyms at least until this Court resolves any dispositive motions.  Or, if this Court finds John and Jane Doe may not proceed under pseudonyms, John Doe respectfully requests leave to file an amended pleading that contains the names and addresses of these individuals, rather than have the suit dismissed.

Finally, pursuant to Loc. R. 5.2.1(e), John Doe requests permission to file Exhibits I and N to the Complaint under seal. John Doe seeks permission to file Exhibit I under seal because it

contains information that identifies John and Jane Doe and cannot be redacted to conceal their identities. John Doe seeks permission to file Exhibit N under seal because it contains sexually graphic photographs of Jane Doe not appropriate for public filing. The filing of these documents under seal serves the public interest and protects Jane Doe's privacy.

A proposed order granting this motion is filed herewith.

Respectfully submitted,

/s/ Eric Rosenberg_____
Eric Rosenberg (0069958)
Tracy L. Turner (0069927)
ROSENBERG & BALL CO., LPA
395 North Pearl Street
Granville, OH 43023
E-mail: eric.rblaw@gmail.com
        tracy.rblaw@gmail.com
Telephone: (740) 644-1027
Facsimile: (866) 498-0811
*Attorneys for Plaintiff*