**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| John Doe, | : | |
| | : | Case No. 2:16-cv-00171 |
| Plaintiff, | : | |
| | : | Judge George C. Smith |
| v. | : | |
| | : | Magistrate Judge Chelsey M. Vascura |
| The Ohio State University, et al., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

The Court should deny Plaintiff John Doe's ("Doe") Motion for Reconsideration (Doc. 72) of this Court's Order on the Motion to Dismiss (Doc. 50). The Sixth Circuit's decision in *Doe v. Miami University*, 882 F.3d 579 (6th Cir. 2018) does not impact the analysis on Doe's claims that were correctly dismissed by the Court, nor does it necessitate a different ruling.

**I.      Background and Introduction.**

John Doe is a former student at OSU who graduated in May of 2014. (Plf's Third Am. Compl., ¶ 67). Doe was accused of sexual assault by a fellow student, referred to in the Complaint as Jane Doe, and was charged with a violation of OSU's Code of Student Conduct on or about February 6, 2015, after he had graduated from the University. (Id., ¶ 83). The alleged sexual misconduct occurred while Doe was a student at OSU. He was eventually found responsible for sexual misconduct, in violation of the Code of Student Conduct, and dismissed from OSU.

Doe's Complaint was filed on February 24, 2016, so this matter has been pending for over two (2) years. Doe asserted the following causes of action with respect to the Defendants: 1.) Violation of Title IX –Hostile Environment Sexual Harassment and/or Discrimination (Count

1); 2.) Violation of Title IX – Deliberate Indifference (Count 2); 3.) Violation of Title IX – Erroneous Outcome (Count 3); 4.) Claims under 42 U.S.C. § 1983 for Violation of Procedural and Substantive Due Process under the U.S. Constitution (Count 4); 5.) Claim under 42 U.S.C. § 1983 for Violation of Equal Protection under the U.S. Constitution (Count 5); and 6.) Declaratory Judgment for Violation of Due Process under U.S. and Ohio Constitutions (Count 8 [sic 6]).  Plaintiff amended his Complaint three times before the Court considered Defendants' Motion to Dismiss.  (Doc. 37).

On March 10, 2017, this Court issued its Opinion and Order, granting in part and denying in part Defendants' Motion to Dismiss. (Opinion and Order, Doc. 50).  After thoroughly reviewing all of Plaintiff's allegations, the Court dismissed all his claims except his "Erroneous Outcome" claim brought pursuant to Title IX.  Id.  The Court also dismissed all individually-named Defendants, leaving OSU as the only remaining Defendant.  Id.

Since that time, the parties have been engaging in discovery.  OSU has responded to four sets of document requests, four sets of interrogatories and two sets of requests to admit from Plaintiff, and has produced in excess of 1,500 pages of documents.  Adding in new claims on a motion for reconsideration at this late date would virtually require the parties to start this case all over again from the beginning.

For the reasons set forth below, Plaintiff's Motion for Reconsideration must be denied. Plaintiff's sole justification for filing a motion for reconsideration is based upon the Sixth Circuit case of *Doe v. Miami University*, 882 F.3d 579 (6th Cir. 2018), which he characterizes as "new, binding precedent."  (Mot. for Reconsid., Doc. 72, PAGEID# 3832).  While the *Miami University* case is binding precedent, it has no application to the allegations made by Plaintiff in

this case, and, as such, has no effect on this Court's prior Order on Defendants' Motion to Dismiss.

## II. Plaintiff's Motion for Reconsideration is Without Merit and Should be Denied.

### A. Plaintiff has never asserted a Title IX selective enforcement claim in this case.

Curiously, Doe first asks the Court to reverse dismissal of his "selective enforcement claim." (Doc. 72 at PAGEID# 3833). But Doe never alleged such a claim. The only Title IX claims Doe alleged were for "hostile environment sexual harassment" (Count One), "deliberate indifference" (Count Two), and "erroneous outcome" (Count Three). Because Doe did not allege a Title IX Selective Enforcement claim in his original, first, second or third amended Complaints, any such claim is now time-barred and cannot be added to his case on a motion for reconsideration. The Sixth Circuit has held that Title IX does not have its own limitations period. See *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728-29 (6th Cir. 1996). Instead, the Court must look to the applicable state law statute of limitations for personal injury actions, which is two years in Ohio. O.R.C. § 2305.10. Because Plaintiff's discipline was issued by the University in 2015, any claim of selective enforcement under Title IX is time-barred.

While it is true that the Court's Order contained a selective enforcement analysis, the Court ultimately concluded that such a claim would not lie on Doe's allegations. (Doc. 50 at PAGEID# 3191). But, since Doe did not bring a cause of action for selective enforcement in the first place, the merits of the Court's analysis should not matter. He chose not to bring that claim and cannot add it now through briefing. In fact, Doe's counsel tried this tactic in the very case he now says requires reversal of a claim he never actually brought:

> In his appellate brief, John argues in passing that he sufficiently alleged a Title IX claim premised on the theory of selective enforcement. John did not assert this as a theory of liability in his complaint or in his opposition to

3

> the defendants' motion to dismiss. To the extent that John is now trying to assert a Title IX selective-enforcement claim, he has forfeited this argument.

*Miami Univ.*, 882 F.3d at 594-95 (internal citations omitted).

The Court's selective enforcement analysis was correct and remains so even in the face of *Miami Univ.*

### B. Plaintiff's Title IX deliberate indifference claim was rightly dismissed.

Next, Doe asks this Court to reinstate his Title IX deliberate indifference claim. (Doc. 72 at PAGEID# 3833-3834). A deliberate-indifference claim premised on student-on-student misconduct must allege "harassment that is so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit." *Miami Univ.*, 882 F.3d at 590, citing *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 633 (1999).

Here, Doe makes no allegation that he was deprived of "access to the educational opportunities or benefits provided by the school." *Id*. He had no issue attending and graduating from OSU. He did so in May 2014 after his relationship with Jane Doe ended. (Doc. 36, ¶¶ 3, 46, 67). In fact, he even took a class following graduation. (*Id.*, ¶ 68). In other words, there was no effect on Doe's "ability to receive an education." *Davis,* 526 U.S. at 654.

Although Doe cites the *Miami Univ.* case in support of his motion for reconsideration on this claim, the male plaintiff's deliberate indifference claim in *Miami Univ.*, was also found implausible by the Sixth Circuit and was dismissed. Here, Plaintiff's sole allegation in support of his deliberate indifference claim is that "Defendants had knowledge that Jane [Doe] had sex with Plaintiff when he was too intoxicated to consent but took no action against [Doe.]" (Mot. for Reconsid., Doc. 72, PAGEID #3834). This claim is virtually identical to the claim raised by the plaintiff in *Miami Univ.* In upholding the dismissal of that claim, the Sixth Circuit stated:

4

> The University did have actual knowledge that Jane had kissed John while John was so intoxicated that he could not remember the events of the night the next morning—indicating that John was inebriated to the extent that he could not consent under Miami University's policies. R. 39-2 (Pl. Ex. 1: Jane Doe Statement at 1) (Page ID #2036); R. 39-2 (Pl. Ex. 6: Notice of Alleged Violation) (Page ID #2052). Thus, John's failure to initiate his own complaint against Jane for her sexual misconduct has no impact on the actual knowledge of the defendants. However, one incident of allegedly non-consensual kissing—while unacceptable—does not rise to the level of "sexual harassment [that is] so severe, pervasive, and objectively offensive that it could be said to deprive the plaintiff of access to the educational opportunities or benefits provided by the school." *Patterson,* 551 F.3d at 444–45. Rather, we have required a plaintiff alleging deliberate indifference to establish an extensive pattern of sexually offensive behavior, and this one incident of kissing is insufficient. *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 360, 363 (6th Cir. 2012) (holding that three separate occasions of sexual harassment—a male student shoving a female student into a locker, demanding that she perform oral sex on him, and making obscene sexual gestures at her—did not constitute sexual harassment that rose to the level of "severe, pervasive, and objectively offensive"). Thus, we affirm the district court's judgment with respect to John's Title IX deliberate-indifference claim.

Doe, here, has not alleged an essential element of his deliberate indifference claim – that he was sexually harassed in a "severe, extensive and pervasive" manner. He alleges only that he "had sex with [Doe] when he was too intoxicated to consent." Based upon the very law cited by Doe, those facts do not require the Court to reconsider its ruling on Doe's Title IX deliberate indifference claim.

      **C.**    **Plaintiff's equal protection and due process claims were rightly dismissed.**

Doe also requests reversal on the equal protection claim. This Court should not undo its ruling on the equal protection claim. The *Miami Univ.* Court analyzed the equal protection claim in that case virtually identically to the above-cited analysis of the Title IX deliberate indifference

5

claim. Namely, regardless of whether a formal complaint was initiated by Doe against Jane Doe, Doe never stated that Doe's purported touching of him was unwelcome or that it otherwise amounted to harassment. The same analysis applies here. Just like his flawed Title IX deliberate indifference claim, Doe has not alleged that he was severely and pervasively sexually harassed and, as a result, was deprived of access to the educational opportunities or benefits provided by OSU. Equally as relevant, that means Jane Doe is not a similarly-situated comparator. Therefore, the dismissal of the equal protection claim should stand.

Next, Doe requests reversal on the substantive due process claims. Notably, the Sixth Circuit in *Miami Univ.* affirmed dismissal of the male plaintiff's substantive due process claim, so that decision does not help Doe here. 882 F.3d at 597-99. Plus, as the Defendants noted in their original Motion to Dismiss, courts in this Circuit have not recognized a substantive due process right to higher education. (Doc. 37 at PAGEID# 2833-2836). Doe offers no reason to depart from this established precedent.

*Miami Univ.* does not require reinstating Doe's procedural due process claims either. The procedural due process holding in *Miami Univ.* was premised on facts not present here. The male plaintiff in *Miami Univ.* sufficiently pleaded a procedural-due-process claim against one of the three members of his disciplinary panel based on claims that she was not an impartial adjudicator and that she did not fully provide him the evidence used against him. 882 F.3d at 603-604. That member was Susan Vaughn. She served as the lead investigator on behalf of the university. *Id*. at 586-87. In addition to heading Miami's disciplinary investigation, Vaughn was on the plaintiff's disciplinary panel, "dominated the hearing," and had allegedly pre-determined his guilt by announcing during the hearing, "I'll bet you do this [i.e. sexually assault women] all the time." *Id*. at 586-587, 601-603. In addition, Vaugh allegedly controlled access to the

6

university's Title IX investigation report which the plaintiff alleged she denied him access. Since the university relied on evidence in the report to adjudicate plaintiff's case, the court reasoned that plaintiff received insufficient notice by being denied access. *Id*.

Taking *Miami Univ.*'s lead, Doe alleges that the Title IX investigator, Defendant Kelly Smith, and the hearing panel chair, Defendant Matthew Page, exhibited bias. Doe also asserts that OSU, not any particular defendant, denied him sufficient notice.  (Doc. 72 at PAGEID #3836-3838).

However, Smith's and Page's roles in Doe's investigation and disciplinary process were nothing like the administrator in *Miami Univ*.  Most obviously, although Smith participated in the Title IX investigation and communicated with Doe and his attorney leading up to the hearing, she did not serve on the hearing panel and, most importantly, made no findings with respect to the allegations of sexual misconduct against Doe.  (*See* Doc. 36, ¶¶82, 83, 86, 87, 90).  Thus, Smith was not investigator, judge, and jury as was the case in *Miami Univ*.  And, because she was not a participant in the disciplinary hearing, she never made a comment to Doe along the lines of "I'll bet you do this all the time."  As for Page, although he served as the chair of Doe's disciplinary panel, he did not decide Doe's case.  (*Id*., ¶¶ 99-103).  Thus, Page was not an investigator, judge, *or* jury as was the case in *Miami Univ*.  Nor did he make a comment to Doe along the lines of "I'll bet you do this all the time."  Moreover, neither Page nor Smith denied Doe access to evidence.  (*Id*., ¶¶ 70-96).

This Court thoroughly considered Doe's procedural due process claim. (Doc. 50 at PAGEID# 3212-3219). The Court's analysis was correct and remains so even in the face of *Miami Univ*., which has no application to the facts of this case.

### D. The individual defendants are still entitled to qualified immunity.

Finally, to the extent Doe demands reversal on the claims against the individual defendants in their personal capacities, *Miami Univ*. did not change the near-unanimous precedent in the Sixth Circuit that qualified immunity bars claims in this context. The contours of a student's due process rights are not clearly established, particularly vis-à-vis a university's Title IX obligations. (*See* Doc. 37 at PAGEID# 2848-2854).

Instead, the Sixth Circuit in *Miami Univ*. allowed the claims to proceed against one administrator, Vaughn, because she had a demonstrable bias against the male plaintiff; played investigator, judge, and jury; dominated the hearing; and commented to him, "I'll bet you do this [i.e., sexually assault women] all the time." 882 F.3d at 604. Such clear bias and impropriety "should have been apparent based on . . . precedent directly on point." *Id*.

Of course, there is no such precedent here as to any of the individually-named defendants – and Doe makes no allegation that any OSU administrators made similar, patently-biased comments. To be sure, they did not. In the midst of the debate about the adjudication of claims alleging sexual misconduct on college campuses, individual administrators should not be held personally responsible for simply acting in compliance with a university's established policies and practices. See, e.*g. Marshall v. Ohio Univ.*, No. 2:15-cv-775, 2015 U.S. Dist. LEXIS 155291, *40-42 (S.D. Ohio Nov. 17, 2015) ("Although some courts have concluded that university students have such [due process] rights, the existence and contours of those rights appear to remain an issue of judicial debate. If judges thus disagree on the constitutional question, it is unfair to subject government officials to money damages for picking the losing side of the controversy.").

### III. Conclusion

For the foregoing reasons, the Sixth Circuit's recent opinion in *Miami Univ.* does not move the needle on this case. The claims which were dismissed by the Court should remain so.

Respectfully submitted,

**MICHAEL DEWINE (0009181)**
**Ohio Attorney General**

/s/ Christina L. Corl_____
CHRISTINA L. CORL (0067869)
Plunkett Cooney
300 East Broad Street, Suite 590
Columbus, Ohio 43215
Telephone: (614) 629-3018
Facsimile: (614) 629-3019
ccorl@plunkettcooney.com

/s/ Reid T. Caryer_____
REID T. CARYER (0079825)
Assistant Attorney General
Ohio Attorney General's Office
Education Section
30 East Broad Street, 16th Floor
Columbus, OH  43215
Telephone:  (614) 644-7250
Facsimile:  (614) 644-7634
reid.caryer@ohioattorneygeneral.gov

*Counsel for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on this **16th day of May, 2018,** I filed the foregoing with the Clerk of Court which will send notification of such service and subsequent filing to all counsel via the Court's Electronic Filing System.

  /s/ Christina L. Corl_____
Christina L. Corl (0067869)

10

Open.25577.60674.20335941-1