**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| John Doe, | : | |
| | : | Case No. 2:16-cv-00171 |
| Plaintiff, | : | |
| | : | Judge George C. Smith |
| v. | : | |
| | : | Magistrate Chelsey M. Vascura |
| The Ohio State University, | : | |
| | : | |
| Defendant. | : | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER OPINION**
**AND ORDER GRANTING IN PART**
**AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

Defendants provide no reason why this Court should not reconsider its dismissal of the

Title IX selective enforcement and deliberate indifference claims and the Section 1983 due process

and equal protection claims in Plaintiff's Third Amended Complaint to comply with *Doe v. Miami*

*University, et al.*, 882 F.3d 579 (6th Cir. 2018). Defendants' weak arguments essentially concede

the applicability of *Miami* and the need to reconsider the Opinion and Order granting in part and

denying in part Defendants' Motion to Dismiss (Doc. No. 50) ("Order") in light of this new,

binding case law from the Sixth Circuit. Accordingly, Plaintiff's Motion to Reconsider (Doc. No.

72) should be granted and the motion to dismiss reversed in its entirety.

## I. ARGUMENT

### A. Title IX Selective Enforcement Claim

Defendant does not dispute that the facts alleged in the Amended Complaint sufficiently

plead a selective enforcement claim under *Miami*. Rather, Defendants argue that the Title IX

selective enforcement claim should not be reinstated because it was never actually pled.

Defendants' argument fails. The Amended Complaint alleges that OSU had knowledge that Jane

Doe had sex with him when he was unable to consent due to his level of intoxication but took no action against Jane Doe. *See* ECF No. 38 at ¶¶ 10, 63, 109, 111-12, 120-24, & 163.

In the Order, the Court found Plaintiff could not plead a selective enforcement claim, to the extent he was trying to do so, because Plaintiff could not use the treatment of his accuser as a comparator to allege that Defendants treated similarly situated female students differently. The Court did not address whether Plaintiff properly pled the claim and, if not, whether he should be granted leave to amend because it was unnecessary due to the factual finding that the allegations were insufficient. Similarly, there was no reason for Plaintiff to seek leave to amend to clarify that he was asserting a selective enforcement claim based on the Court's Order.

However, since then, the Sixth Circuit has rejected the reasoning contained in the Order as to why Plaintiff did not plead a selective enforcement claim. *Miami*, 882 F.3d at 593.  Thus, if the Court believes that Plaintiff has not sufficiently alleged a selective enforcement claim for another reason, Plaintiff should be granted leave to amend to remedy the pleading deficiencies following issuance of the Court's decision on the Motion to Reconsider. Otherwise, the claim should move forward as part of the Amended Complaint.

Defendant argues that Plaintiff should not be allowed to amend for two reasons. The first reason is because the Sixth Circuit would not allow the plaintiff to amend to bring this claim in *Miami*—at the appeal stage. Unlike appellate courts, however, district courts are required to grant leave to amend complaints when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). Here, justice requires allowing Plaintiff to bring the claim because of the recent *Miami* decision, the facts of the selective enforcement claim and Title IX allegations are alleged in the Amended Complaint, the parties are only at the written stages of discovery, and Plaintiff could not have successfully amended previously because of the language in the Order.

Second, Defendants incorrectly argue that an amendment to add a selective enforcement complaint would be untimely. Defendants are wrong because adding the claim either by court order or a formal amendment of the complaint would relate back to the original date of filing because the claim arises out of the same facts and conduct set forth in the original complaint. *See* Fed. R. Civ. P. 15(c)(3); *see also Miller v. American Heavy Lift Shipping*, 231 F.3d 242, (6th Cir. 2000).

For these reasons, Plaintiff respectfully requests the Court reverse the dismissal of his selective enforcement claim.

## B. Title IX Deliberate Indifference Claim

In arguing that Plaintiff's deliberate indifference claim should not be reinstated under *Miami* because he has not alleged severe and pervasive conduct, Defendant encourages the Court to ignore two Sixth Circuit decisions—*Miami and Vance*. Contrary to Defendants' argument, a single incident of having sex with another student when the student is unable to consent due to alcohol consumption is sufficient to plead a sexual harassment claim in the Title IX context. *See, e.g., Vance v. Spencer Cty. Public Sch. Dist.*, 231 F.3d 253, 259 (6th Cir. 2000); *Lopez v. Metropolitan Gov't of Nashville and Davidson Cty.*, 646 F. Supp.2d 891, 913-14 (M.D. Tenn. 2009). This is exactly what Plaintiff alleged. Additionally, Plaintiff tried to introduce evidence to demonstrate how Jane was the aggressor in their relationship and harassed him, but OSU and Defendants Page and Smith refused to consider this evidence during the investigation or allow Plaintiff to introduce it during the hearing. *See* ECF No. 38 at ¶ 102.

Incredibly, Defendants also argue that Plaintiff was not deprived access to the educational opportunities or benefits provided by the school because ***prior*** to the discipline he graduated and took a class. It is difficult to imagine how Defendants can make this argument to the Court with a

3

straight face following the *Miami* decision. OSU allowed this investigation to go forward after Plaintiff's graduation and permanently expelled him, marking the expulsion on his transcript. This has prohibited him from applying to graduate or professional school at OSU or being admitted at any other school and permanently branded him a sexual offender. Moreover, he spent his whole life in Ohio, but was permanently banned from OSUs campus. Thus, he cannot attend any sporting, cultural, or educational events at OSU. Finally, he was forced to resign. Thus, Plaintiff was most definitely denied access to the educational opportunities and benefits available at OSU. *See* ECF No. 38 at ¶¶ 97, 104, 137 & Exhibits CC and JJ.

Accordingly, Plaintiff respectfully submits that *Miami* requires reversal of the decision to dismiss Plaintiffs' deliberate indifference claim.

## C. Section 1983 Claims

### 1. Life, liberty or property interest and Equal Protection Claim.

Defendant's argument for why Plaintiff has not sufficiently alleged a deprivation of his life, liberty or property interest and an equal protection claim is the same as their argument for why the deliberate indifference claim should not be reinstated. For the reasons stated above, and because the Sixth Circuit completely disagrees, Defendants' argument fails, and Plaintiff's claim must be reinstated.

### 2. Substantive Due Process

Plaintiff maintains that even though the Sixth Circuit affirmed dismissal of the substantive due process claims in *Miami* because a four-month or less suspension did not violate the plaintiff's property interests and did not "shock the conscience" because it was "rationally related" to the university's "legitimate interest in investigating alleged violations of its student code," it held that such claims can be brought against universities in the disciplinary context under appropriate

circumstances *Id.* at 597-600. In this case, the facts and discipline are very severe and go far beyond the university's need to enforce its sexual misconduct policy. Plaintiff was permanently expelled. *See* ECF No. 38 at ¶ 104 & Exhibit CC. And, OSU did not have a rational basis for imposing the discipline because Plaintiff was not a student at OSU, and the permanent expulsion did not further OSU's interesting in providing a safe environment for its students. For these reasons, Plaintiff respectfully asks the Court to reconsider its dismissal of his substantive due process claim.

3. **Procedural Due Process**

In his opening brief, Plaintiff provided a description of the multiple deprivations of procedural due process by Defendants alleged in the Amended Complaint. Instead of responding, Defendants ask the Court to improperly ignore the well-pled allegations in the Amended Complaint and narrowly interpret *Miami* by limiting procedural due process claims in the university context to factual situations that exactly mimic those in *Miami*.[1]

Here, Plaintiff has alleged that he was not provided the **minimum** process required because: (1) he was not provided notice of the charges because Jane was permitted to change her allegations throughout the investigation (*see* ECF No. 38 at ¶¶ 75, 80-83 & Exhibit T), (2) he was not provided an explanation of the evidence against him, including information he learned of for the first time at the hearing and the summary of witness testimony provided to the hearing panel and used against him at the hearing (*see id.* at ¶¶ 94, 99 & Exhibit Z); and (3) he was not provided unbiased decision makers.  Namely, Kelly Smith was biased because she permitted Jane Doe to modify her allegations and excluded relevant information. *Id.* at ¶¶ 86-87. Likewise, the hearing chair, Matthew Page, allowed testimony from Jane Doe's friend that was hearsay, unreliable and biased, and allowed Jane, but not Plaintiff, to submit character evidence and provide an impact

---

[1] The argument for strict interpretation is a stretch considering Defendants' argument that the Court loosely interpret the portions of the decision unfavorable to them.

statement. *Id*. at ¶¶ 100-01. Page's bias toward Plaintiff was also proven by his exclusion of photographs, text messages, and cards Plaintiff attempted to introduce to demonstrate that Jane was not being honest about the nature of their relationship, while allowing Jane to testify in direct contradiction to this evidence. *Id*. at ¶ 102.

In addition to the above, Defendants also failed to respond to the other instances of procedural due process violations alleged in detail in pages 25-51 of the Amended Complaint, including but not limited to the fact that the investigation was conducted outside of the jurisdiction and timelines contained in OSU's policies (*see id*. at ¶¶ 72-75 & Exhibits R-T), and that OSU provided Jane a trained advocate who was employed full-time with OSU but provided no advocate to Plaintiff (*see id*. at ¶ 78). As Plaintiff was not provided minimum procedural due process, his procedural due process claim should survive. *Miami*, 882 F.3d at 599-00.

**4.  Qualified and Eleventh Amendment Immunity**

The issue of qualified and Eleventh Amendment immunity was briefed, but not decided in the motions to dismiss. If the Court reconsiders its Order, then Plaintiff asks the Court to deny the individual defendants qualified and eleventh amendment immunity for the reasons stated in its response to the motion to dismiss.

## II.    CONCLUSION

Plaintiff respectfully requests that the Court grant his Motion to Reconsider and reverse the dismissal of his Title IX selective enforcement and deliberate indifference claims, his Section 1983 substantive and procedural due process and equal protection claims and deny the individual defendant's request for qualified and Eleventh Amendment immunity.

Respectfully submitted,

/s/ Tracy Turner
Eric J. Rosenberg (0069958)
Tracy L. Turner (0069927)
Rosenberg & Ball Co. LPA
395 North Pearl Street
Granville, Ohio 43023
740.644.1027 phone
866.498.0811 fax
erosenberg@rosenbergball.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on May 31, 2018, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all registered parties.

                                    */s/ Tracy L. Turner*_____

                                    Counsel for Plaintiff