# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JOHN DOE,**

    **Plaintiff,**

-v-

    Case No.: 2:16-cv-171
    **JUDGE GEORGE C. SMITH**
    **Magistrate Judge Vascura**

**THE OHIO STATE UNIVERSITY,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

On March 19, 2018, the United States Magistrate Judge issued an Opinion and Order on the Department of Education's Motion to Quash Subpoenas (Doc. 66) and Plaintiff's Motion to Compel (Doc. 68). In the Opinion and Order, Magistrate Judge Vascura granted the Department of Education's Motion to Quash Subpoenas and denied without prejudice Plaintiff's Motion to Compel. (Doc. 71). This matter is now before the Court on Plaintiff's Objections to the Magistrate Judge's Opinion and Order. (Doc. 73). Defendants have responded in opposition.

Upon timely objection, a district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to the magistrate judge's factual findings while legal conclusions are reviewed under the more lenient "contrary to law" standard. *Gandee v. Glaser,* 785 F.Supp. 684, 686 (S.D. Ohio 1992), *aff'd,* 19 F.3d 1432 (6th Cir. 1994). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a

mistake has been committed." *Eversole v. Butler County Sheriff's Office*, 2001 U.S. Dist. LEXIS 26894, at *2 (S.D. Ohio August 7, 2001) (sustaining objections to magistrate judge's order rejecting claim of attorney-client privilege and work-product) (citation omitted). The District Court Judge's review under the "contrary to law" standard is "plenary," and it "may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee,* 785 F.Supp. at 686 (citations omitted). It is with these standards in mind that the Court reviews the Magistrate Judge's Order.

Plaintiff objects to the Magistrate Judge's finding that the Requested Documents[1] could not link the Department of Education pressure to OSU's expulsion of Plaintiff because OSU neither prepared nor received the Requested Documents. Defendants respond that Plaintiff has rehashed the same arguments already considered by the Magistrate Judge and the documents requested are not relevant to the underlying litigation.

The Magistrate Judge correctly set forth the relevance standard and that the burden of demonstrating relevance is on the party issuing the subpoena. (Doc. 71, Order at 3). The Magistrate Judge carefully analyzed the arguments of the parties. The Order acknowledged that "the requested documents may illuminate the Department's motivations as they relate to the University." (*Id*. at 5). However, the Department of Education is not a party and the Magistrate Judge correctly found that "[a]ny documents or communications from the Department of Education to the University or from the University to the Department that may bear on the

---

[1] Plaintiff's Motion to Compel defines the Requested Documents as: (1) All document(s) and communication(s) created between April 4, 2011 and August 7, 2015 - which DOE neither provided to OSU nor received from OSU - that relate to any sexual misconduct investigation(s) DOE conducted regarding OSU's implementation of Title IX, and (2) All document(s) and communication(s) created between April 4, 2011 and August 7, 2015 - which DOE neither provided to OSU nor received from OSU - that relate to any sexual misconduct complaint DOE received regarding OSU's implementation of Title IX." (Doc.68, PageId.3563-64).

2

factors motivating Defendants should be in the University's possession and obtainable from Defendants." (*Id*.).

The Court agrees. Plaintiff has specifically requested documents that were never shared with OSU and therefore not directly related to the allegations in the Complaint. However, the Court acknowledges Plaintiff's dilemma and those of the plaintiffs in the 12 decisions cited by Plaintiff that acknowledge probable Title IX claims based in part on pressure and policies from the federal government causing universities receiving federal funding to come down hard on those alleged to have engaged in sexual misconduct. (*See generally* Doc. 73). The Court agrees with Plaintiff's arguments in his objections that there may have been discussions between Department of Education employees and OSU employees regarding these alleged gender biased positions, but rather than searching for documents that were neither provided to nor received from OSU, Plaintiff might consider conducting depositions of persons involved in those discussions. And if in the course of those depositions, documents or memos come to light that are relevant to Plaintiff's case, he may re-issue a subpoena for those specific documents.

Therefore, the Court agrees with the reasoning of the Magistrate Judge in her Order and does not find her conclusions contrary to law. For the reasons stated above, Plaintiff's Objections to the Magistrate Judge's Order are hereby **OVERRULED.** The Magistrate Judge's March 19, 2018 Opinion and Order is hereby **ADOPTED AND AFFIRMED**.

The Clerk shall remove Document 73 from the Court's pending motions list.

    **IT IS SO ORDERED**.

    */s/ George C. Smith*
    **GEORGE C. SMITH, JUDGE**
    **UNITED STATES DISTRICT COURT**